RONALD O. KAYE, SBN 145051
rok@kmbllaw.com
LINDSAY BATTLES, SBN 262862
lbattles@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT, LLP
975 E. Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Attorneys for Plaintiff Joseph Barreda,
Through his Guardian Ad Litem Nancy Barreda

JOSEPH BARREDA, by and through his Guardian Ad Litem NANCY BARREDA,

Plaintiff,

vs.

CITY OF DOWNEY, CARL CHARLES, CHRISTOPHER PINAL, E. VALDEZ, TODD LOCKWOOD, THOMAS QUINTERO, STEVE LECHUGA, THE GEO GROUP, INC., NICHOLAS ANDRADE, AND DOES 1-10, INCLUSIVE,

Defendants.

Case No.: 2:19-cv-02508-DSF-JEM

**Discovery Matter**

[Honorable John E. McDermott]

***CORRECTED* STIPULATION AND STIPULATED PROTECTIVE ORDER**

1. **PURPOSES AND LIMITATIONS**

This case arises from Plaintiff Joseph Barreda's ("Barreda") March 5, 2018 attempted suicide at the Downey City Jail. The Parties agree that disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Such confidential materials include Barreda's medical records and witness statements

and other materials generated in connection with the City of Downey's investigation regarding the March 5, 2018 suicide attempt.

      This protective order extends to all materials previously exchanged between by the parties subject to a pre-litigation, Confidentiality Agreement. Before the instant lawsuit was filed, the City of Downey, the Downey Police Department (collectively "Downey"), and The GEO Group, Inc., on the one hand, and Joseph Barreda, Nancy Barreda, and Arthur Barreda ("the Barredas") on the other hand, along with their respective legal counsel, agreed to voluntary, pre-lawsuit exchange of information and documents related to the incident. The purpose of this exchange was to facilitate pre-lawsuit evaluation and potential informal resolution of Plaintiff's claims. Although the parties agree to extend the instant Stipulated Protective Order to all materials earlier produced subject to the pre-lawsuit Confidentiality Agreement, as set forth in greater detail in Paragraph 7 below, no party is precluded from raising a challenge to another Party's confidentiality designation.

      The Parties further agree that disclosure pursuant to the instant Stipulated Protective Order shall not be construed as a waiver of applicable privilege with regard to subsequent third-party litigants. Any documents produced pursuant to this Stipulated Protective Order that were generated in connection with, or are relevant to, Barreda's March 5, 2018 attempted suicide retain the same confidentiality and privileged status they had prior to their production under this agreement. If they qualified as privileged or confidential documents under applicable law prior to this agreement, their production under this agreement does not alter or waive their status as privileged documents; if they did not qualify as privileged documents under applicable law, their production under this agreement does provide any privileged status they did not previously have. The production of documents pursuant to this agreement has no bearing on their admissibility: documents otherwise admissible remain admissible.

The Parties acknowledge that the protection this agreement provides from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under Federal Rule of Civil Procedure 26(c) and applicable legal principles. The Parties further acknowledge, as set forth in Section 13.4, below, that this agreement does not automatically entitle them to file under-seal information deemed "CONFIDENTIAL" pursuant to this agreement simply because it was designated "CONFIDENTIAL" pursuant to this agreement.

## 2. DEFINITIONS

**2.1** Action: The above-captioned lawsuit of *Joseph Barreda vs. City of Downey*, et al., Case No. 2:19-cv-2508-DSF-JEM.

**2.2** Counsel: Kaye McLane Bednarski & Litt, LLP (counsel for Plaintiff), Lawrence Beach Allen & Choi PC (counsel for the City of Downey, Carl Charles, Christopher Pinal, E. Valdez and Todd Lockwood) and Burke, Williams & Sorensen LLP (counsel for The GEO Group, Inc. ("GEO") and GEO Defendants, Thomas Quintero, Steve Lechuga and Nicholas Andrade) as well as the Downey City Attorney's Office.

**2.3** "CONFIDENTIAL" Material or Information: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.4** Protected Material/Information: any Disclosure or Discovery Material including Barreda's medical records and materials generated as part of Downey's investigation of the March 5, 2018 suicide attempt including, but not limited to, any audio and video recordings of witness interviews and encounters between Downey and or GEO personnel with Barreda that have been designated as "CONFIDENTIAL" pursuant to the pre-lawsuit Confidentiality Agreement and the instant agreement.

**2.5** Designating or Producing Party: a Party or Non-Party that designates Disclosure or Discovery Material that it produces as "CONFIDENTIAL."

**2.6** Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.7** Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.8** Non-Party: any natural person, partnership, corporation, association, or other legal entity no named as a Party to this action.

**2.9** Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

**3. SCOPE**

The protections conferred by this agreement cover Protected Material (as defined above), including (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that reveal Protected Material.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

**5.1** Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material being produced in conjunction with this Action.

**5.2** Manner and Timing of Designations. For information in documentary form, the Designating Party shall affix a "CONFIDENTIAL" legend to each page that contains protected material. The legend shall be affixed in a manner that does not obscure the contents of the document. For testimony given in depositions, the Designating Party shall identify all Protected Information on the record, before the close of deposition. For information produced in some other form, the Designating Party shall affix a "CONFIDENTIAL" designation on a prominent place. For information produced in some form other than documentary form, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." ***If only a portion of the information warrants protection, the Producing Party shall identify the protected portion.***

**5.3** Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Agreement.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1** Challenges. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rules of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future

application for modification of this Order.

**6.2** <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.3** <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may seek judicial intervention only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for the purpose of prosecuting, defending or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below (FINAL DISPOSTION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order and Receiving Parties shall take reasonable steps to prevent disclosure of Protected Material to any third party.

Unless permitted in writing by the designating Party, a Receiving Party may disclose Protected Material only to:

(a) Counsel, including their respective associates, clerks, legal assistants, support personnel and investigators and litigation support services (photocopy services or transcription services) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Any designated or retained experts (as defined in this Order) and their employees, hired by any Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Any parties to this agreement (including their officers and employees) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The owner or author of the Protected Material;

(e) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) The Court and its personnel;

(g) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors (photocopy services or transcription services) to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A) **unless otherwise agreed by the Designating Party or ordered by the Court.** Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**7.2** Subject to the terms of this Agreement, nothing herein shall restrict a recipient of Protected Material from: (a) making working copies, abstracts, digests and analysis of such information for use in connection with settlement negotiations; or (b) converting or translating Protected Material into a different format for storage or analysis, provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as "CONFIDENTIAL," that Party must:

(a) promptly notify, in writing, the Designating Party, with a copy of the subpoena or court order;

(b) promptly notify, in writing, the Party who issued the subpoena or order to that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this matter as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. Insofor as the instant Section 8 is concerned, the Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

The terms of the instant Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Confidentiality Agreement, the Receiving Party must immediately (a) notify, in writing, the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). After being notified, the Receiving Parties must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if any Receiving Party disclosed it before being notified.

## 12. MISCELLANEOUS

**12.1** Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2** Non-Waiver: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

**12.3** Right to Assert Other Objections/Contest Claims of Privilege. This Order has no impact on the rights of the Parties to later contest claims of privilege in connection with the documents produced. By entering this agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this agreement. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this agreement.

**12.4** Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not publicly release or otherwise file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and this Court's

Standing Orders. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a written application establishing that the Protected Material is entitled to protection under the law. However, only the portions of documents, including briefs, exhibits, or any other moving or opposing papers that contain Protected Material need to be filed under seal. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**12.5** <u>Enforceability</u>. The validity, construction and performance of this Stipulated Protective Order shall be governed and construed in accordance with the laws of California applicable to contracts made and to be wholly performed within such state, without giving effect to any conflict of laws provisions thereof. The Federal and state courts located in California shall have sole and exclusive jurisdiction over any disputes arising under, or in any way connected with or related to, the terms of this Agreement and Receiving Party: (i) consents to personal jurisdiction therein; and (ii) waives the right to raise *forum non conveniens* or any similar objection.

**13.** **<u>FINAL DISPOSITION</u>**

Within sixty (60) days after final disposition of this action, as defined in Paragraph 5, and upon request by a Designating Party made, each Receiving Party shall return all Protected Material to the Designating Party or destroy such material. As used in this Paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected

Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, Counsel of Receiving Parties are entitled to retain an archival copy of all pleadings, motion papers, discovery pleadings and productions, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Agreement as set forth in Section 4 (DURATION).

Dated: October 10, 2019     KAYE, MCLANE, BEDNARSKI & LITT LLP

By: _____
Ronald O. Kaye
Lindsay Battles

Attorneys for Joseph Barreda,
Nancy Barreda and Arthur Barreda

Dated: October 10, 2019     LAWRENCE, BEACH, ALLEN & CHOI, PC

By: /s/ Michael D. Allen
Michael D. Allen

Attorneys for the City of Downey

Dated: October 10, 2019     BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Martin Kosla
Susan E. Coleman
Martin Kosla

Attorneys for The GEO Group

BASED ON THE FOREGOING, AND GOOD CAUSE SHOWING, IT IS SO ORDERED:

Dated: October 10, 2019

_____
**Honorable John E. McDermott**
United States Magistrate Judge
Central District of California

- 13 -

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United states District Court for the Central District of California on _____ [date] in the case of *Joseph Barreda vs. City of Downey*, et al., Case No. 2:19-cv-2508-DSF-JEM.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occurs after the termination of this action.

I hereby appoint _____ [print or type full name] at _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

Signature:_____

City and State where sworn and signed: _____